IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| L.G. and J.G., Individually and as Parents of L.G., a Minor, | § § § | |
| Plaintiff, | § § § | Civil Action: 1:23-cv-279 |
| v. | § § | |
| Southwest Allen County Schools, | § § § | |
| Defendant | § § | |

## COMPLAINT

Plaintiffs, by counsel and for their Complaint against Defendants, allege:

**PRELIMINARY STATEMENT AND INTRODUCTION**

1. L.G. is an eleven-year-old fifth grader who suffers from dyslexia, and other learning disabilities impacting math and written expression. She also suffers from anxiety. Her academic skills are 2-3 years behind. For years, Plaintiff Parents, L.G. and J.G. ("Plaintiffs") repeatedly requested that Defendant, Southwest Allen County Schools ("Southwest Allen") provide L.G. with specialized tutoring, counseling and other services to help her learn. But Southwest Allen refused to ensure L.G. received an appropriate program of education. This violated the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq., related regulations and Indiana's Article 7 provisions. In June of 2022, Plaintiffs, operating *pro se*, requested an administrative Article 7 Educational Due Process Hearing. They asked the state appointed independent hearing officer ("IHO") to order Southwest Allen to provide L.G. with an improved Individual Education Plan ("IEP"). The Plaintiff had previously been forced to request an administrative Article 7 Educational Due Process Hearing in order to gain eligibility for her child. Realizing very early in

the process that Southwest Allen was unwilling to negotiate with her, instead choosing to utilize the resources of a larger law firm, Plaintiffs were forced to obtain counsel a few weeks later.

The Plaintiffs made extensive efforts to settle this case, including multiple settlement letters and initiating a mediation, in which Plaintiffs agreed to be responsible for the costs. In response, Southwest Allen failed to make a single written settlement offer in the case and mediation was unsuccessful. In the end, Plaintiffs had no choice but to engage in a five-day administrative Article 7 hearing, known as Hearing No. HR-0107-2022.

Southwest Allen is legally mandated to have in place for L.G. an appropriate Individual Education Plan ("IEP") at all times that provides L.G. a Free Appropriate Public Education ("FAPE"). 511 IAC 7-32-40. The Case Conference Committee is responsible for developing the IEP. 511 IAC 7-32-12. The Case Conference Committee must ensure the IEP includes certain required components, including L.G.'s strengths, her parents' concerns for enhancing her education, the results and instructional implications of the initial or most recent educational evaluation, and L.G.'s academic, developmental, communication, and functional needs. 511 IAC 7-42-6, 511 IAC 7-35-2(b) and (c). The IEP must be designed to meet each of L.G.'s unique educational needs, so as to result in meaningful educational progress. 20 U.S.C. §1414(d); 511 IAC 7-32-12, 511 IAC 7-42-1(b)(2). L.G.'s IEP must be "reasonably calculated to enable the child to make progress appropriate in light of her circumstances." *Weatherald v. Carmel Clay Sch. Corp.*, No. 1: 19-cv-00003-DML-JPH (S.D. Ind. June 1, 2020). 20 U.S.C. § 1414(d)(1)(A)(i)(II) of the Individuals with Disabilities Education Act ("IDEA") requires the IEP to include a statement of measurable annual goals, including academic and functional goals, designed to meet L.G.'s needs that result from her disability to enable her to be involved in and make progress in the general education curriculum. L.G. is entitled to an educational program that

provides more than de minimis educational benefit. She is entitled to IEP goals that are challenging, ambitious, and measurable. *Endrew F. v. Douglas County Sch. Dist. RE-1,* 137 S.Ct. 988 (2017). Southwest Allen conceded throughout the Article 7 hearing that it did not have an appropriate IEP for L.G. from January 2021 through May 2022, or "three semesters."

On January 16, 2023, the IHO issued a 68-page decision. **Exhibit 1**, *Decision of IHO in Hearing No. HR-0107-2022* ("Decision"). The IHO ordered Southwest Allen to create a better IEP for L.G., including more specialized tutoring, counseling, additional goals to target both academic and emotional needs, summer services and other remedies. While the IHO did not rule in Plaintiff's favor on the hearing issues, his Order provided nearly all of the relief sought by Plaintiff. Thus, the Order created a significant material alteration of the legal relationship of the parties in the manner in which congress sought to promote in the fee statute. *Howey by Howey v. Tippecanoe Sch. Corp., 734 F.Supp. 1485 (1990).* The IHO Order represented actual relief on the merits of the Plaintiff's claims and modified Southwest Allen's behavior in a way that directly benefits the Plaintiff. *Farrar v. Hobby, 506 U.S. 103 (1992).* Each of the items ordered by the IHO had been repeatedly requested by the parents from January 2021 forward in the meetings. Southwest Allen's response to parental requests was to defer, delay, deny, and stall to keep from providing the necessary improvements to L.G.'s services. Thus, although Southwest Allen would "eventually" provide some of the improvements, its avoidance and stonewalling left L.G. without each of the critically necessary services for most of the three semesters from January 2021 to May 2022. She still does not have all of the services necessary to obtain meaningful progress academically.

Following the decision, Plaintiffs requested that Southwest Allen fully comply with the IHO decision and pay Plaintiffs' reasonably attorneys' fees. Southwest Allen flatly refuses to pay reasonable attorney fees. Southwest Allen states it "may" appeal and argues its uncertainty with

its requirement to comply with the IHO's final order. An independent hearing officer's decision is a final order *unless a petition for judicial review is filed.* 511 IAC 7-45-7(m). "*Emphasis added*. Therefore, Plaintiffs file this lawsuit.

## II. JURISDICTION

2. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3)(A)-(G). To the extent Plaintiff has pendent claims arising under state law, 511 IAC 7-45-11 permits a prevailing party to bring an action for attorney fees in state or federal court. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III. VENUE

3. Venue is in this District pursuant to 28 U.S.C. § 1391(b).

## IV. PARTIES

4. Plaintiffs, L.G. and J.G., are residents of Fort Wayne, Indiana and the parents of L.G., an eleven-year-old, 5th grade child with disabilities. L.G. has multiple learning disabilities including dyslexia, as well as specific learning disabilities in math and written expression. She also has a mild speech articulation impairment. Since 2021, Southwest Allen has identified L.G. as a child with Specific Learning Disabilities who, by reason, therefore, needs special education and related services. 20 U.S.C. § 1401(30)(A), 34 CFR § 300.307, CFR § 300.8 (a)(1), 34 CFR § 300.9, 34 CFR § 300.310, 34 CFR § 300.311, 511 IAC 7-32-92, and 511 IAC 7-41-12. At all relevant times, Plaintiffs have resided at 13810 Hamilton Meadows Lane, Fort Wayne, Indiana 46814, within Southwest Allen's attendance boundaries.

5. Southwest Allen County Schools is and was at all relevant times, an Indiana public school district which receives federal financial assistance pursuant to the IDEA and maintains its

principal office in Fort Wayne, Indiana. Southwest Allen is responsible to ensure L.G. receives a free appropriate public education pursuant to the IDEA, 20 USC § 1400 et seq., 20 U.S.C. § 1400(d)(1)(A) and as defined at 20 U.S.C. § 1401(9), the accompanying federal regulations at Chapter 34 of the Code of Federal Regulations, and Article 7, Indiana's special education procedures, 511 IAC 7-32-40, 511 IAC 7-33-2, 511 IAC 7-34-3(a).

### V. THE UNDERLYING ADMINISTRATIVE PROCEEDINGS AND FACTS SUBSEQUENT

6. Southwest Allen finally agreed to recognize L.G. as a child entitled to special education services and provide L.G. an academic IEP for the first time in her educational career in January 2021 following an educational due process complaint and settlement. Despite L.G.'s multiple and complex needs, including Dyslexia, a math based specific learning disability and Attention Deficit Hyperactivity Disorder ("ADHD"), the School created an IEP for L.G. with just one goal, for reading decoding. The IEP included only limited services to be provided to L.G.[1]

7. The IDEA requires that children with disabilities, including L.G., receive specially designed instruction and related services to meet each of their unique educational needs, regardless of her identified disability. 20 U.S.C. § 1414(d), 34 CFR § 300.39, 511 IAC 7-42-6(d).

8. From January 2021 thru May of 2022, the Plaintiff parents met with school officials in nine meetings (case conferences)[2] attempting to persuade school officials to provide

---

[1] Children with dyslexia are, by definition, children with at least average intelligence who have an imperfect ability to read, write or do mathematical calculations. 20 U.S.C. §1401(30) defines a specific learning disability as including dyslexia. 34 C.F.R. 300.8(c)(10). Courts have recognized that children with dyslexia can be taught to read and write through a method known as Orton-Gillingham and have recognized that schools must provide minimally adequate services for a dyslexia child. *Nein v. Greater Clark County Sch. Corp.*, 95 F. Supp. 2d 961 (S.D. IN 2000); *E.S. v. Independent School District No. 196*, 135 F. 3d 566 (8th Cir. 1998), n. 4. (recognizing Orton-Gillingham instructional technique as a multi-sensory approach used to teach children with learning disabilities).

[2] A case conference committee is the formal group of school officials and parents that meets to discuss and design the child's education that is then documented in the Individual Education Plan ("IEP"). 511 IAC 7-32-12. The IDEA anticipates one conference a year and periodic reviews to address changing the program of service if the child is not making adequate progress. 20 U.S.C. §1414(d).

L.W. with additional services, more reading goals, math goals, counseling services, and necessary Extended School Year ("ESY")[3] for the summer for L.G.

9.  During the hearing, most prominently captured in its post-hearing oral argument, Southwest Allen fully conceded that it had not provided L.G. with all of the necessary goals, and services that she needed for "three semesters." Tr. Day 5, Closing Oral Argument of Jason Clegg, Tr. 1299- 1302 (arguing that most changes to the January 2021 IEP were at request of petitioners, including admitting that "at the end" L.G. was receiving up to 2.5 hours a day of specialized instruction.)

10.  The IEP at issue was not, however, just the May 2022 IEP. The statutory period of the hearing was January 2021 through the date of the hearing request in June 2022.

11.  Thus, not surprisingly, the IHO created a multi-faceted order. He recognized that for L.G. to receive a free appropriate public education, he had to order Southwest Allen to improve L.G.'s IEP. His order addressed items that were discussed during the due process hearing and many of the issues that the parents had disputed during the prior three semesters.

12.  The IHO ordered Southwest Allen (Exhibit 1, Decision, at 67-68) to take certain steps and actions:

   A.  **Case conference.** Convene a case conference in 30 days and agree upon a case conference facilitator (Decision, p.66, ¶¶1-2) The meeting must include the special education teacher, the mother, the special education director, the private psychologist who had evaluated L.G. at Southwest Allen's expense, as ordered by the IHO. To date, Southwest Allen is ignoring the IHO's Order to pay for the private psychologist Dr.

---

[3] Extended School Year (ESY) services are provided in the summer or other school breaks when a child needs services for a critical skill area of instruction (i.e., reading). 34 C.F.R. 300.106; 511 IAC 7-32-29.

Pratt to attend so she did not attend the case conference which is occurring today, February 14, 2023.

B. **Maintain copies of L.G.'s assessments**, and homework and share same with case conference participants. (Decision, p.66, ¶3).

C. **Contract with a licensed Orton-Gillingham trainer** to observe and ensure Southwest Allen's Orton-Gillingham program is provided with fidelity. If the trainer finds it is not being provided with fidelity, Southwest Allen must ensure the TOR is sufficiently trained to provide the educational modality. (Decision, p. 66, ¶4)

D. **Ensure special education goals in reading comprehension,** reading fluency, math (starting with basic math, specifically multiplication and division, fractions, story problems), spelling (regular and irregular words, sentence structure, grammar and punctuation. (Decision, p. 66, ¶5)[4]

E. **Counseling shall be added as a related service with the goal to reduce anxiety at school.** (Decision, p. 66, ¶6)

F. **Special education services shall consist of 45 minutes of reading** instruction per day in the Learning Center, 45 minutes of reading instruction three days a week after school in the Learning Center, 30 minutes per day of math instruction, 30 minutes per day of indirect special education services in Written Expression, 60 minutes of counseling a month with the school counselor and parental training of 30 minutes per month. (Decision, p. 67, ¶7)

G. **Reevaluation.** L.G. is to be reevaluated within the next 15 calendar days by the Respondent since there has not been a full psychoeducational evaluation of the student

---

[4] It is obvious that the IHO's Order number 6 requires goals to be developed in all of these areas.

7

in over two years. (Decision, p. 67, ¶8).

    H. **ESY services.** L.G. is to receive 24 hours of ESY services in OG instruction in reading comprehension to make up for the hours not provided during summer 2022. And there should be a second conference in mid-May 2022 to determine if additional hours are needed for reading, spelling, math or writing due to regression, or obtaining an emerging or new skill. (Decision, p. 67, ¶9).

    I. **Documentation of services.** L.G.'s Teacher of record or general education teacher and school counselor shall each document what they are working on with the student and share same with the student's parent in parent training and time to verify and fulfill the requisite time. (Decision, pg. 67, ¶10.)

13. On January 17, 2023, one day following receipt of the hearing decision that ordered the Plaintiff's remedy, Plaintiff's counsel sent Defendant's attorney a first settlement letter asking for attorneys' fees and costs for obtaining an appropriate IEP for L.G. The Plaintiff's settlement letter set forth the legal argument as to why they are entitled to recover their attorneys' fees and costs and offered a discount of 10% for prompt resolution of this matter.

14. On January 27, 2023, the Defendant's attorney responded suggesting it might appeal the IHO's decision (even though it conceded all the necessary items at hearing) and threatened prolonged litigation unless the Plaintiffs' accepted an unreasonable amount of $10,000 in attorneys' fees.

**PLAINTIFF IS PREVAILING PARTY AND IS ENTITLED TO ATTORNEYS' FEES**

15. The IDEA provides for a "reverse" attorneys' fees award for parents who must litigate to obtain the proper special education services for their student and who prevail in the administrative hearing process or in court. 20 U.S.C. § 1415(i)(3).

16. Because the IHO ordered Southwest Allen School Corporation to provide L.G. with additional academic goals, related service of counseling, and compensatory education in terms of Extended School Year hours for the summer of 2023, Plaintiffs' litigation was a success. There is a material change in the parties' relationship. As such, Petitioners are entitled to recover reasonable attorneys' fees they incurred, both for prosecuting the Due Process matters and for the instant action.

17. As of the date of this filing, Plaintiff has incurred approximately $115,299.60 in attorneys' fees and costs. Since this matter is pending, Plaintiff continues to incur attorney fees and reserves the right to seek recovery of additional reasonable fees incurred after filing this Complaint for legal services rendered prosecuting this action.

## V. FACTS RELATED TO ATTORNEYS' FEES
## PLAINTIFF'S REPEATED SETTLEMENT ATTEMPTS

18. Consistent with the statute and the public policy history of the IDEA, Plaintiffs made numerous attempts to settle this case short of going through the due process hearing. They offered to use mediation and other options to solve the issue of the child's need for an appropriate IEP. Southwest Allen stubbornly refused to provide any offers of changes to the child's educational programming.

19. Article 7 and the IDEA provide that schools may avoid unnecessary litigation in Due Process Hearings by providing the Petitioner an offer "more than ten (10) calendar days" before the hearing is to commence. 20 U.S.C. § 1415(i)(3)(D)(i); 511 IAC 7-45-11 (d). Similar to FED. R. CIV. PROC. 68, the statutes explain that if a school district makes an offer to a parent "at any time more than ten (10) calendar days before the proceeding begins; [and] the offer is not accepted within ten (10) calendar days; and the court finds that the relief finally obtained by the

parents is not more favorable to the parents than the offer of settlement" then fees are reduced. This allows resolution and a clear opportunity for a school to avoid the cost of litigation.

20. At no time during litigation did Southwest Allen's counsel provide a Rule 68/ten-day offer.

**The Attorneys' fees and costs requested**

21. Connell Michael Kerr, LLP's billing statement reflects a total of approximately $115,299.60 in attorneys' fees, expenses, discovery, and paralegal/assistant time in this case for some six (6) months of litigation involving discovery, review of hundreds of pages of records, and a five-day trial. Mr. Blessing's billing statement reflects a bill of $9,816.00 fees. The chart below summarizes the attorneys' fees:

| Attorney | Hours | Hourly Rate | Amount for Fees |
|---|---|---|---|
| Connell Michael Kerr, LLP | 352.80 | $325.00 | $102,667.58 |
| Tom Blessing | 33.85 | $300.00 | $9,816.00 |
| | | | **Total Attorney Fees: $112,483.58** |

22. Connell Michael Kerr, LLP, used paralegals and other staff to keep the attorneys' fees as low as possible for the five-day trial. The chart below explains the paralegal rates, hours and fees.

| Paralegal/Staff | Hours | Hourly Rate | Amount for Fees |
|---|---|---|---|
| Pat Howey | 56.2 | $125.00 | $7,027.08 |
| Lori Elmlinger | 2.2 | $125.00 | $275.00 |
| Sarah Pund | 18.2 | $125.00 | $2,275.00 |
| | | | **Total Paralegal Time within CMK Billing: $9,577.08** |

23. Connell Michael Kerr, LLP, incurred some $2,641.02 expenses in this matter. This included: binders, supplies, copying costs, lodging, travel and meals for the case.

24. Mr. Blessing incurred $175.00 in expenses in this matter.

**The Experience of the Attorneys and Paralegals.**

25. Less than five (5) full time special education attorneys represent parents in Indiana; most of the education lawyers represent schools. Nationally, there is a dearth of special education attorneys who represent parents and families. Eloise Pasachoff, *Special Education, Poverty, and the Limits of Private Enforcement*, 86 Notre Dame L. Rev. 1413 (2011).

26. The law firm of Connell Michael Kerr, LLP provides representation of parents of children with disabilities throughout Indiana, Ohio, Texas, Michigan, Pennsylvania and occasionally, Alaska. The law firm is well respected throughout the country. The firm represents families at all stages – school meetings, mediation, special education hearings, federal court, and circuit court. In addition to the two primary partners who practice special education law, Connell Michael Kerr, LLP collaborates with of-counsel who can assist in certain matters.

**The Lawyers**

27. **Catherine Michael** is a managing partner of Connell Michael Kerr, LLP, and an experienced special education attorney. Ms. Michael's nearly exclusive focus is special education with more than two decades of experience representing parents in special education disputes. She is licensed in Indiana, Texas, and Michigan. Her hourly rate for this particular case was discounted to $325.00. Ms. Michael was lead counsel on this case up to and including preparation for and attendance at the hearing, as well as discovery, and settlement duties. Over 95% of the cases that Ms. Michael handles settle. School districts and their insurers regularly pay her hourly rate in cases that settle. Though she has handled hundreds of these matters, she has had to file a suit for fees in

less than a dozen cases over 20 years of practice. Ms. Michael's discounted hourly rate of $325.00 per hour for this case is reasonable, customary and within or below the range of prevailing rates for Indiana. Ms. Michael is a frequent speaker and lecturer on special education, including at the national William and Mary Institute of Special Education Advocacy, the Saint Mary's University School of Law Special Education Advocacy Summit, and the annual conference of the Council of Parent Attorneys' and Advocates, the only national association for attorneys who represent parents in special education matters.

28. **Tom Blessing** is an Indiana licensed special education parent attorney with Massillamany Jeter & Carson. He was admitted to the Indiana bar in 1991 and is currently a member in good standing. His hourly rate is $300 and is reasonable given his knowledge and experience. He has devoted much of his practice to representing parents of students with disabilities in administrative, civil rights and personal injury actions against school corporations.

29. **Michelle McGuire** is an Indiana licensed special education parent attorney with Connell Michael Kerr, LLP, with nearly twenty (20) years of experience representing parents in special education matters. Her discounted hourly rate is $325.00 in this case. Her hourly rate is reasonable and within the range of prevailing rates in Indiana. Ms. McGuire assisted with hearing preparation and was co-counsel in attendance at the hearing. She prepared exhibit lists, expert testimony and disclosures, reports, discovery binders, and general preparation for the hearing.

**The Paralegals**

30. Connell Michael Kerr, LLP, utilized paralegals and assistants to reduce attorneys' fees.

31. **Pat Howey** is an Indiana Registered Paralegal, an affiliate member of the Indiana and American Bar Associations, with a B.A. in paralegal studies and has a B.A. in Paralegal

Studies from Saint Mary of the Woods College. She has twenty-two (22) years of paralegal experience, nineteen (19) of which were devoted to special education cases and has provided contract paralegal services to attorneys in Indiana, California, and Texas, and New Mexico. In addition, she has over thirty-five (35) years of special education lay advocacy experience. While there is no established range of prevailing paralegal fees in Indiana, an hourly rate of $125.00 is reasonable, given Ms. Howey's extensive experience, education, and training.

32. **Lori Elmlinger** is an experienced paralegal who billed $125.00 per hour for 2.2 hours for a total of $275.00.

33. **Sarah Pund** is an experienced paralegal who billed $125 per hour for 18.2 hours for a total of $2,275.00.

34. Total paralegal time spent on this case is $9,577.08.

35. The hearing in this case consumed five (5) days and generated a transcript of more than 1,200 pages, with multiple-page exhibits admitted.

**The Expenses**

36. Connell Michael Kerr, LLP, incurred $2,641.02 in expenses in this matter. This included: binders, supplies, copying costs, lodging, travel and meals for the case.

37. Mr. Blessing incurred $175.00 in expenses in this matter.

**Parent Programming Costs**

38. The attorneys' fees and costs incurred will rise with continued litigation.

39. Plaintiffs additionally request prejudgment and post-judgment interest on fees awarded.

**Efforts to Settle**

40. Even though the Plaintiffs prevailed and gained the relief they sought, which included Orders for additional goals and an appropriate IEP for the student, they exercised billing judgment and offered to settle the fees dispute. In a letter dated January 17, 2023, Plaintiffs' counsel offered to reduce the attorneys' fees and related costs by 10% of the total invoices without the expenses.

41. Southwest Allen refused to pay the bill, necessitating this action.

**VI. FIRST CAUSE OF ACTION – IDEA and Article 7**

42. Plaintiffs reallege paragraphs 1 through 40 above and incorporate them by reference.

43. As a result of the hearing officer's 68-page decision which resulted in a material alteration in the legal relationship of the parties, the Plaintiffs are the prevailing party in the underlying administrative proceeding and now sue Southwest Allen County Schools for a declaration from the Court that they were prevailing parties below.

44. As the Plaintiffs are the prevailing party in part, they are entitled to recover their reasonable and necessary attorneys' fees and costs incurred in the administrative proceeding and in this lawsuit for which they now sue Southwest Allen County Schools.

45. Plaintiffs' fees are of a reasonable and customary nature in this unique and specialized area of law and in the state of Indiana.

46. Plaintiffs will seek attorneys' fees-on-fees for the recovery of the attorneys' fees and costs incurred at the administrative level.

47. Plaintiffs are also entitled as prevailing parties to recover both prejudgment interest and post-judgment interest for which they now sue Southwest Allen.

48. Plaintiffs are also entitled to reasonable attorneys' fees and costs when they prevail before this honorable Court. As one court has explained, when parents prevail, the school districts should ordinarily pay reasonable attorneys' fees to avoid unnecessary litigation. When the IDEA's fee provision was passed by Congress, the House of Representatives noted: "If a parent prevails on the merits. . . at an administrative proceeding…the parent may be awarded reasonable attorneys' fees, costs, and expenses incurred in such administrative proceeding. Usually, the amount of such fees, costs and expenses will be agreed to by the public agency. If no agreement is possible, the parent may file a lawsuit for the limited purpose of receiving an award of reasonable fees, costs, and expenses." H.R. Rep. No. 99-296, 99th Cong., 1st Sess. 5 (1985). Given Southwest Allen's failure to timely provide the student precisely what the hearing officer ordered – an improved IEP with appropriate goals and services – the Court should award reasonable attorneys' fees and related costs.

**VII. RELIEF SOUGHT**

49. Plaintiffs respectfully request that this Court enter judgment against Defendant Southwest Allen County Schools and grant the following relief:

    a. Order Southwest Allen to immediately comply with the IHO's Decision in all aspects.

    b. Declare Plaintiffs as the prevailing party in the underlying special education proceeding and in the current federal court litigation.

    c. Award Plaintiffs their reasonable attorneys' fees and related costs of approximately $115,299.60 incurred in the administrative proceedings.

    d. Award Plaintiffs additional attorneys' fees and costs incurred in pursuing the current action.

    e.  Award Plaintiffs' prejudgment and post-judgment interest on any and all awards of fees and costs.

    f.  Such other and further relief to which Plaintiffs are required.

Dated this 14th day of February 2023.

*/s/Catherine M. Michael*
Catherine M. Michael
IN Bar No. 22474-49
Sonja D. Kerr
IN Bar No. 11993-49
CONNELL MICHAEL KERR, LLP
555 Congressional Blvd., Suite 115
Carmel, IN 46032
Telephone: (317)-343-4482
Fax: (317)-348-2916
Email: sonja@cmklawfirm.com
Email: catherine@cmklawfirm.com
